Filed 9/17/15  P. v. Velez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B262296 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA072076) |
| v. | |
| RICARDO TORRES VELEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court for the County of Los Angeles. William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

This case involves an inmate's petition for recall of his sentence under Penal Code section 1170.126. (All statutory references are to the Penal Code.)

In 2005, a jury convicted defendant Ricardo Torres Velez of two counts of first degree burglary, one count of second degree burglary, grand theft of an automobile, and petty theft with a prior. The court found defendant had suffered two prior serious or violent felony convictions. The court sentenced defendant to a total of 100 years to life: four consecutive terms of 25 years to life under the "Three Strikes" law.

This court affirmed the judgment of conviction in an unpublished opinion, rejecting defendant's contention that the trial court abused its discretion by denying his motion to strike one of his prior serious or violent felony convictions.[1] (*People v. Velez* (Aug. 31, 2006, B188376) [nonpub. opn.].)

In November 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act). The Act amended the Three Strikes law so that an indeterminate term of 25 years to life in prison is applied only "where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor"; otherwise, the recidivist is to be sentenced as a second strike offender. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168, citing §§ 667, 1170.12.) In addition, an inmate serving an indeterminate life sentence imposed under the Three Strikes law for a crime that is not a serious or violent felony, and who is not disqualified, may petition for recall of his or her sentence, and is eligible for resentencing as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)

---

[1] The opinion also found the trial court had imposed an unauthorized sentence when it directed that the section 667, subdivision (a)(1) prior serious felony enhancement for count 2 (the base count) run concurrently. (*People v. Velez, supra*, B188376, p. 5.) (The statute expressly requires the five-year enhancement provided in subdivision (a)(1) to run consecutively. (§ 667, subd. (a)(1).)) There is no modified abstract of judgment in the record, but defendant's petition for resentencing states the length of his sentence is 105 years to life.

On October 30, 2014, defendant filed a *pro se* "Petition for Resentencing Pursuant to [section] 1170.126." He argued that he was sentenced as a third striker, and that under section 1170.126, three of his offenses were no longer subject to third strike sentencing.[2]

On November 5, 2014, the trial court appointed the Public Defender to represent defendant in connection with his resentencing petition.

On December 26, 2014, defendant and his counsel stipulated that the prima facie determination of eligibility related to defendant's petition could be heard and determined by Judge William C. Ryan.

On February 17, 2015, Judge Ryan denied the petition for recall of sentence under section 1170.126 with prejudice. The court stated defendant's current conviction was for first degree burglary (§ 459), "a violent felony pursuant to Penal Code section 667.5 (c)(21), making Defendant ineligible for resentencing pursuant to Penal Code section 1170.126 (e)(1)." (Burglary of the first degree is also a serious felony. (§ 1192.7, subd. (c)(18).))

Defendant filed a timely appeal.

On June 9, 2015, defendant's appointed counsel filed a *Wende* brief (*People v. Wende* (1979) 25 Cal.3d 436) requesting our independent review of the record.

---

[2] The petition was also denominated a "Petition for Writ of Habeas Corpus." The greater part of the petition was addressed to defendant's claim that two of his strikes arose from "a single act against a single victim" and so one of them should be dismissed under *People v. Vargas* (2014) 59 Cal.4th 635, 638-639 (because the defendant's two prior felony convictions for robbery and carjacking were based on the same act, committed at the same time and against the same victim, "the trial court should have dismissed one of them and sentenced defendant as if she had only one, not two, qualifying strike convictions"). Defendant contended the trial court could "resolve this issue by merely recalling [defendant's] sentence and resentencing [defendant] as a two striker on his current offense of property crimes." Defendant's petition also claimed in a second ground for relief that his trial and appellate counsel were ineffective in failing to raise this issue at his sentencing and on appeal. The trial court dismissed these claims without prejudice, stating that those issues in defendant's petition, "particularly as it relates to his claims pursuant to *People v. Vargas* . . . need to be submitted in a separate Petition for Writ of Habeas Corpus in the original sentencing court."

3

Counsel's declaration of the same date stated that he would that day inform defendant of the filing of the *Wende* brief and of defendant's rights to file a brief of his own and to request appointment of other counsel, and would send defendant a copy of the record on appeal and the *Wende* brief. No supplemental brief was filed.

In the interim, the Supreme Court decided *People v. Johnson* (2015) 61 Cal.4th 674. The court held that "an inmate is eligible for resentencing with respect to a current offense that is neither serious nor violent despite the presence of another current offense that is serious or violent." (*Id.* at p. 695.)

We sent a letter to counsel seeking supplemental briefing on appellant's eligibility for resentencing and whether the court should reverse and remand for a further hearing on appellant's petition in light of *People v. Johnson*. We received and reviewed those briefs, and conclude no need exists for a further resentencing hearing. Defendant is ineligible for resentencing on a ground the trial court did not reach: he has a disqualifying prior conviction under section 1170.126, subdivision (e)(3).

Under subdivision (e)(3) of the statute, an inmate is eligible for resentencing *if* "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(3).) The prior convictions identified in those two clauses include "[a] 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§ 667, subd. (e)(2)(C)(iv)(I); § 1170.12, subd. (c)(2)(C)(iv)(I).)

Welfare and Institutions Code section 6600, subdivision (b) defines "sexually violent offense" to include "a felony violation of Section . . . 289 of the Penal Code . . . ." Section 289 provides that any person "who commits an act of sexual penetration when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person shall be punished by imprisonment in the state prison for three, six, or eight years." (§ 289, subd. (a)(1)(A).)

4

Respondent informs us that defendant has a prior conviction for forcible sexual penetration. Respondent cites our opinion in defendant's appeal from his current conviction, where we stated: "In 1991, he [(defendant)] was convicted of three felonies, two of which were alleged as strikes in the present case: attempted oral copulation, forcible sexual penetration, and sexual battery by restraint." (*People v. Velez*, *supra*, B188376, p. 4.) Respondent also cites defendant's petition for resentencing, where defendant describes the nature of one of his prior convictions as "penetration with a foreign object i.e. finger . . . ."

Defendant's supplemental brief provides no contrary information, stating only that, under *People v. Johnson*, defendant would be eligible for recall and resentencing on his commercial burglary and theft counts, "unless [defendant] is otherwise ineligible because of a prior conviction . . . ." The record confirms defendant is "otherwise ineligible." (See *People v. Johnson, supra,* 61 Cal.4th at p. 693 ["if an inmate's prior convictions include any of the super strikes that are incorporated into section 1170.126, subdivision (e)(3), he or she will be disqualified from the resentencing provisions, because a *prior* offense is present as to each current offense"].)

We are satisfied that defendant's appointed counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

**DISPOSITION**

The trial court's order is affirmed.


GRIMES, J.

We concur:


BIGELOW, P. J.                                         RUBIN, J.

5